UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICA FOREST HOLDINGS, LLC, a Wyoming limited liability company; AMERICAN FOREST LAND COMPANY, LLC, a Wyoming limited liability company; JOHN R. RUDEY and LAURIE G. RUDEY, husband and wife and residents of New York; COPPER BEECH FARM, LLC, a Wyoming limited liability company; COPPER BEECH FARM, INC., a Wyoming corporation,<br><br>                Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA NA, a foreign corporation,<br><br>                Defendant. | NO: CV-10-3044-RMP<br><br>ORDER ON MOTION TO COMPEL |

This case was filed in Kittitas County Superior Court and removed to federal court before Judge Edward Shea (Ct. Rec. 1). Defendant filed a Motion to Dismiss Plaintiffs' original complaint (Ct. Rec. 4). Subsequent to Defendant's filing the first Motion to Dismiss, this case was transferred to this Court, and Plaintiffs filed

ORDER ON MOTION TO COMPEL ARBITRATION ~1

a First Amended Complaint (Ct. Rec. 19).  Defendant subsequently filed a second Motion to Dismiss based on Plaintiffs' First Amended Complaint (Ct. Rec. 23).

On November 22, 2010, Plaintiffs filed a Motion to Compel Arbitration and Stay Proceedings (Ct. Rec. 30).  In their motion, Plaintiffs contend that the parties are bound by an arbitration clause in their Second Amended and Restated Credit Agreement which covers all current disputes (Ct. Rec. 30 at 2).

Defendant responded and agrees that all of the claims are subject to the arbitration agreement (Ct. Rec. 35 at 1).  However, Defendant requests attorney fees, claiming that Plaintiffs have used this action as a tactic to avoid foreclosure (Ct. Rec. 35 at 7).  Defendant further requests that the Court dismiss the case without prejudice rather than stay the case (Ct. Rec. 35 at 6).

## APPLICABLE LAW

The Federal Arbitration Act ("FAA") mandates that district courts direct the parties to arbitrate issues in which an arbitration agreement has been signed. *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985).  The FAA reflects Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause.  *Simula, Inc. v. Autoliv, Inc.,* 175 F.3rd 716, 719 (9th Cir. 1999).

The standard for demonstrating arbitrability is not high.  *Miller v. Northwest Trustee Services, Inc.,* 2005 U.S. Dist. Lexis 43770 (E.D. Wash. July 20, 2005);

ORDER ON MOTION TO COMPEL ARBITRATION ~2

*Simula, Inc. v. Autoliv, Inc.,* 175 F.3rd 716, 719 (9th Cir. 1999).  Federal courts must order parties to proceed to arbitration if there has been a "failure, neglect, or refusal" to honor an agreement to arbitrate.  See 9 U.S.C. § 4.

Absent unmistakably clear language to the contrary, arbitration should be ordered unless it can be said that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765, (1983);  *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3rd 716, 719 (9th Cir. 1999) (quoting *Moses H. Cone*, 460 U.S. at 24-25).  To require arbitration, factual allegations need only "touch matters" covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability.  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

The Court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  *See* 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  If the court orders arbitration, the FAA provides for a stay pending compliance.  9 U.S.C. § 3.

ORDER ON MOTION TO COMPEL ARBITRATION ~3

## DISCUSSION

After reviewing the record and pleadings in this matter, the Court agrees with the parties that there is a valid agreement to arbitrate and that the agreement encompasses all claims in the current dispute (Ct. Rec. 6-1 at 77).

Defendant requests attorney's fees, claiming that Plaintiffs have used this action to avoid foreclosure (Ct. Rec. 35). To award sanctions, a court must make a finding of bad faith. *United Steel, Paper & Forestry v. Shell Oil Co.*, 549 F.3d 1204, 1209 (9th Cir. 2008). There is insufficient evidence on which to base a finding that Plaintiffs have acted in bad faith. Therefore, Defendant's request for attorney's fees is denied. Defendants also request that this case be dismissed without prejudice rather than stayed. Plaintiffs advocate for a stay and rely on the

ORDER ON MOTION TO COMPEL ARBITRATION ~ 4

FAA. 9 U.S.C. § 3.[1]  Defendant cites a series of Ninth Circuit cases that dismissed actions covered by the FAA rather than staying them (Ct. Rec. 35 at 6-7).  Pursuant to the express language of the FAA, the Court grants Plaintiffs' motion to stay the case.

Finally, Plaintiffs, in their reply, disclose that Defendants have submitted a demand for arbitration to the American Arbitration Association asking that the arbitration be set in Connecticut (Ct. Rec. 37 at 5).  Plaintiffs believe the proper venue for the arbitration is Washington (Ct. Rec. 37 at 13).  Plaintiffs refer to the agreement to arbitrate for support and ask the Court to find that arbitration in this matter should take place in Washington (Ct. Rec. 37 14-15).

---

[1] 9 U.S.C. § 3 states:  If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

ORDER ON MOTION TO COMPEL ARBITRATION ~5

The Court notes that Plaintiffs cite no case law supporting their position that this Court should expand its limited review under the FAA to consider the proper venue for arbitration. As stated *supra*, the Court's role under the FAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *See* 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Systems, Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000). To go further and interpret the proper venue in the arbitration agreement would be improper. Accordingly,

**IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Compel Arbitration (**Ct. Rec. 30**) is **GRANTED**. This action is hereby **stayed** and the parties are ordered to submit all claims and counterclaims to arbitration in accordance with the parties' written agreement.

2. All other pending motions are **DENIED AS MOOT**.

3. All court dates, in any, are hereby **STRICKEN**.

The District Court Executive is hereby directed to enter this Order, stay this case, and provide copies of this Order to counsel.

**DATED** this 28th day of January, 2011.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        United States District Court Judge

ORDER ON MOTION TO COMPEL ARBITRATION ~6